# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Chris Brown,

                    Plaintiff,

    v.

Portfolio Recovery Associates, LLC,

                    Defendant.

Civil Action No.: *3:09cv 819 (CFD)*

**309CV00819 CFD**

**COMPLAINT**

For this Complaint, the Plaintiff, Chris Brown, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      Plaintiff, Chris Brown (hereafter "Plaintiff"), is an adult individual residing at 68 Pool Road, North Haven, Connecticut 06473, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Portfolio Recovery Associates, LLC (hereafter "Defendant"), is foreign limited liability company located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant informed the Plaintiff that court costs and attorney's fees had to be collected from the client because the Defendant "had to make money" on the account.

10.     The Defendant asserted these costs despite the fact that suit had not been filed by the Defendant against the Plaintiff.

11.     The Defendant called the Plaintiff's place of employment several times, despite being asked not to.

12.     The Defendant thereafter filed suit against the Plaintiff.

13.     When the Plaintiff received the summons and complaint, he called the Defendant.

2

14.     The Plaintiff was instructed by one of Defendant's employees, "Brandy," "not to worry about it," informing him that the case was settled and resolved.

15.     As a result of the Defendant's employee's instruction, the Plaintiff took no action on the lawsuit and a judgment was rendered against him.

16.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

19.     The Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

20.     The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

21.     The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

3

22.     The Defendant falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process, in violation of 15 U.S.C. § 1692e(15).

23.     The Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

24.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATIONS OF THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT, Conn. Gen. Stat. § 36a-645, *et seq.*

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).

28.     The Defendant is a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

29.     The Defendant attempted to collect attorney's fees from the Plaintiff for alleged expenses in collecting the debt, in violation of Conn. Gen. Stat. § 36a-805(a)(5).

30.     The Defendant is not licensed to collect debts within the state of Connecticut, in violation of Conn. Gen. Stat. § 36a-801(a).

31.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, *et seq.*

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

34.     The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

35.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4.  Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5.  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6.  Punitive damage; and

7.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 11, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiffs